IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LORI A. GINTNER,

                Plaintiff,                OPINION AND ORDER

    v.                                                  21-cv-224-wmc

DIANA R. SCHIRA, ANDREW
W. SCHMIDT, SCHMIDT &
SCHMIDT S.C., RODNEY OLESON,
CHAD R. LEVANETZ, RUDER WARE,
ASSOCIATED BANK, NATIONAL
ASSOCIATION, SPS, SELECT PORTFOLIO
SERVICING, TIMOTHY L. KOSTKA,
KOSTKA & ASSOCIATES, LLC,
ADVANTAGE COMMUNITY BANK n/k/a
NICOLET NATIONAL BANK, and
PATRICK M. MCMENAMIN,

                Defendants.

*Pro se* plaintiff Lori A. Gintner filed this lawsuit against several attorneys, law firms, and lenders. Although Gintner's complaint is long and often difficult to comprehend, the court understands her to allege that she has been injured in several state-court civil and criminal proceedings against her related to foreclosure actions. (Dkt. #1.) She also asks for a preliminary injunction prohibiting defendants Associated Bank and Advantage Community Bank from foreclosing on two properties. (Dkt. #7.) Although Gintner has paid the full filing fee, and although she is not subject to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A, the court will screen her complaint before ordering service upon defendants under the court's inherent authority to manage its cases. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike,

regardless of fee status.").

OPINION

The court gathers from Gintner's filings, which include hundreds of pages of exhibits, that she believes that Associated Bank and Advantage Community Bank have initiated fraudulent foreclosure proceedings against her. (Dkt. ##1, 4, 7.) She seeks $20 million in damages, and she asks the court to discharge her debts, "void the mortgage deed theft/default/foreclosure process and any subsequent judgment," dismiss various pending state-court civil and criminal claims against her, and transfer several state-court civil and criminal proceedings into this court. (Dkt. #1 at 26-27.) There are two problems with Ginter's complaint.

The *first* problem is that this court may be barred from hearing her claims, which arise out of state-court foreclosure proceedings. It is not clear from Gintner's filings whether those proceedings have yet resulted in state-court judgments against her. If they have, the court cannot interfere with those judgments under what is known as the *Rooker-Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). The doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Gintner's recourse for what she believes are incorrectly decided state-

2

court cases is in the state appellate system, not in a federal district court, which has no authority to overturn a judgment issued by a state court. *See Nora v. Residential Funding Co., LLC*, No. 10-cv-748-wmc, 2012 WL 12995759, at *6 (W.D. Wis. Sept. 30, 2012), *aff'd*, 543 F. App'x 601 (7th Cir. 2013) (*Rooker-Feldman* prevented federal court from hearing claims alleging injury from state-court foreclosure judgment). Gintner may find that her chance to appeal is gone, but that is not a reason to hear her claims in this court.

The *second* problem is that even if Gintner's claims are not barred by *Rooker-Feldman*, her complaint does not comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Gintner's 32-page complaint is lengthy and disjointed, and it does not clearly explain why she believes that she is entitled to the relief that she seeks. Moreover, some of Gintner's allegations are implausibly conspiratorial, such as her allegations that both defendant banks independently forged the loan documents involved in the foreclosure actions, and misrepresented the nature of the loans to Gintner, in exactly the same way. (*See* dkt. #1 at 14-15.)

And most of Gintner's claims are plainly legally frivolous. For example, she contends that the defendant attorneys should not have been allowed to appear in court because the Wisconsin State Bar is a monopoly that should be dissolved and because these defendants were required to register as foreign agents under the Foreign Agents Registration Act. She further contends that the state foreclosure statute is constitutionally invalid because it lacks "an enacting clause, a title, and a body." (Dkt. #1 at 15.) In addition, she contends that the banks' attempts to foreclose on her property violates the

3

terms of her Chapter 7 bankruptcy discharge, which is a facially invalid claim. *See Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (Chapter 7 bankruptcy discharge "extinguishes *only* the personal liability of the debtor," and "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy") (internal quotation marks omitted; emphasis in original).

Because the court cannot identify a plausible claim for relief in Gintner's complaint, it would be unfair to defendants to require them to answer it. But the court will not dismiss this case outright. The court of appeals has cautioned district courts that "when a plaintiff -- especially a pro se plaintiff -- fails to state a claim in [her] first complaint, [she] should ordinarily be given a chance to amend." *Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016). It is at least possible that Gintner has a valid claim that she can clarify in an amended complaint. So the court will dismiss Gintner's complaint and her request for preliminary injunctive relief without prejudice, and will give her a short time to file an amended complaint.

If Gintner chooses to file an amended complaint, she should clearly and concisely explain what defendants did that violated her rights. She does not need to attach any documents to her complaint to support her claims; her own allegations are enough at this stage, so long as she includes sufficient factual detail regarding the "who, what, when, where, and why" of her claims. In other words, Gintner should keep her complaint short and to the point, as if she were telling a story to people who know nothing about her situation. This means that she should explain: (1) what happened, specifically, to make her believe that she has a legal claim; (2) when it happened; (3) where it happened; (4)

4

who did it; (5) why they did it; and (6) what the court can do to help. She should be sure to explain whether the properties at issue have already been foreclosed on, or whether foreclosure actions are currently pending against those properties. If any of her allegations involve actions taken in another court case, she should provide the case number for that case if she is able.

In writing her amended complaint, Gintner should take care to identify the specific actions taken by each individual defendant who she believes violated her rights. She should state her allegations in separate, numbered paragraphs using short and plain statements. She does not need to explain the legal bases for her claims, only to allege facts that, if true, would entitle her to relief. After she finishes drafting her amended complaint, she should review it and consider whether someone who is not familiar with the facts of her case could understand it. If not, she should change it as necessary.

If Gintner files an amended complaint by the deadline below that clearly explains her claims, states a claim upon which relief may be granted, and otherwise complies with the Federal Rules of Civil Procedure, the court will direct the clerk of court to issue summonses for service on defendants. If Gintner does not file an amended complaint by the deadline below, the court will dismiss this case for her failure to prosecute it. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (district court has inherent authority to dismiss a lawsuit *sua sponte* for failure to prosecute).

ORDER

IT IS ORDERED that:

1) Plaintiff Lori A. Gintner's complaint is DISMISSED without prejudice under Federal Rule of Civil Procedure 8.

2) Plaintiff's motion for partial injunctive relief (dkt. #7) is DENIED without prejudice.

3) Plaintiff may have until August 26, 2021, to submit an amended complaint as described in this order. If plaintiff fails to respond by that deadline, then this case will be dismissed for failure to prosecute.

Entered this 5th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge