IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORI A. GINTNER,

          Plaintiff,

v.

DIANA R. SCHIRA, ANDREW W.
SCHMIDT, SCHMIDT & SCHMIDT S.C.,
RODNEY OLESON, CHAD R. LEVANETZ,
RUDER WARE, ASSOCIATED BANK,
NATIONAL ASSOCIATION, SPS, SELECT
PORTFOLIO SERVICING, TIMOTHY L.
KOSTKA, KOSTKA & ASSOCIATES, LLC,
ADVANTAGE COMMUNITY BANK n/k/a
NICOLET NATIONAL BANK, and
PATRICK M. MCMENAMIN,

          Defendants.

OPINION AND ORDER

21-cv-224-wmc

---

    *Pro se* plaintiff Lori A. Gintner filed this lawsuit against several attorneys, law firms, and lenders alleging injury arising out of foreclosure proceedings. The court dismissed her original complaint without prejudice because it did not comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. #11.) In its order, the court warned Gintner that it may be barred from hearing her claims, which arise out of state-court foreclosure proceedings. The court also explained that most of Gintner's claims were plainly legally frivolous and implausibly conspiratorial. Still, the court gave Gintner an opportunity to file an amended complaint with the instruction that she focus on the "who, what, when, where, and why" of her claims, refrain from attaching documents, and clarify the status of the foreclosure at issue. (*Id.* at 4-5.)

Gintner did not follow the court's instructions. Rather than state the allegations against each named defendant, Gintner's amended complaint describes her recent health challenges, references a police report involving one of the defendants, and asserts conclusorily that title disputes can only be heard in federal court and that "the judges" lack partiality. (Dkt. #13 at 5.) Gintner also continues to allege that she is an "individual at risk" who is entitled to protections under Wis. Stat. § 940.285 (abuse of individuals at risk) from the "judge, the district attorney, and banks," and asserts that instead of pursuing foreclosure, the courts should be prosecuting defendants for criminal slander of title in violation of Wis. Stat. § 943.60. (Dkt. #13 at 3-4.) These state criminal statutes do not help Gintner in this federal civil case.

Gintner also asks for an extension to further clarify her claims. But her subsequent supplements and motions, to which she has again attached hundreds of pages of exhibits, show the same problems as her original complaint. In a letter requesting unspecified injunctive relief, Gintner takes issue with the judicial decisions of "Marathon County Judge(s)," claims judicial bias, conspiracy among certain defendants, that an attorney is "in violation of evidence production," and alleges injury from the Marathon County Circuit Court's refusal to consolidate her civil and criminal cases. (Dkt. #14.) Gintner also moves for an order or hearing to enjoin any foreclosure action, to prohibit the appointment of a guardian ad litem in state court, to compel a state-court judge to compel discovery from certain banks, and to extend her time to complete refinancing so she can pay off a loan. (Dkt. #15.) But this court generally lacks the authority to "issue mandamus to a state judicial officer to control or interfere with state court litigation." *In re Campbell*, 264 F.3d

2

730, 731-32 (7th Cir. 2001). Moreover, this court must abstain from enjoining execution of a state court judgment or to interrupt ongoing state proceedings implicating important state interests. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."). And as Gintner is aware, this court generally lacks the power under the *Rooker-Feldman* doctrine to review a state-court judgment or claims that are "inextricably intertwined" with state-court determinations. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)); *see Mack v. American Nat. Bank of Beaver Dam*, No. 10-cv-557-slc, 2010 WL 4365526, at *3 (W.D. Wis. Oct. 27, 2010) (denying temporary restraining order seeking to enjoin defendants from proceeding with a foreclosure sale under *Rooker-Feldman*).

Finally, Gintner asks to add two defendants to this action without any allegations specifying what either individual has done to violate her rights. (Dkt. #17.) Attached to this request is a criminal complaint completed by Gintner against four individuals alleging conspiracy under 18 U.S.C. § 371, information about elder abuse, and police reports. (Dkt. #17-1.) As a private citizen Gintner is not entitled to an order requiring any individual's criminal prosecution for any crime. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

If the court were able to identify any plausible claim for relief across Gintner's filings that she could pursue here, it would allow her a second opportunity to file an amended complaint. But her filings remain hard to follow, and the court still cannot identify a plausible claim for relief. Accordingly, the court will dismiss this case. Gintner's recourse for what she believes are incorrect decisions by state-court judges and incorrectly decided state-court cases is in the state appellate system, not in a federal district court. *See Nora v. Residential Funding Co., LLC*, No. 10-cv-748-wmc, 2012 WL 12995759, at *6 (W.D. Wis. Sept. 30, 2012), *aff'd*, 543 F. App'x 601 (7th Cir. 2013) (*Rooker-Feldman* prevented federal court from hearing claims alleging injury from state-court foreclosure judgment).

ORDER

IT IS ORDERED that:

1) Plaintiff Lori A. Gintner's amended complaint (dkt. #13) is DISMISSED with prejudice.

2) Plaintiff's pending motions (dkt. ##14, 15, 17) are DENIED as moot.

3) The clerk of court is directed to close this case.

Entered this 23rd day of September, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge